PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

Attorney for Defendants
Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVNER GREENWALD, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>RIPPLE LABS INC., et al.,<br><br>                    Defendants. | CASE NO.: 3:18-cv-04790-PJH<br><br>**DEFENDANTS' RESPONSE TO STANDING ORDER RE REMOVED CASES** |

In response to the Court's Standing Order re Removed Cases, Defendants Ripple Labs Inc., XRP II, LLC, Bradly Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita (collectively, "Defendants") submit the following information:

1. All Defendants served at the time of removal joined in the notice of removal.

2. The notice of removal was not dated more than thirty days after the first defendant was served. The first defendant was served on July 9, 2018, and the notice of removal was dated August 8, 2018.

3. Defendants did not remove this action on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants removed this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. CAFA provides that a class action meeting its requirements may be removed "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b). As set forth more fully in Defendants' Notice of Removal (ECF No. 1), the action meets CAFA's requirements because it is a worldwide putative class action brought on behalf of more than 100 alleged class members, in which minimal diversity exists between any member of the putative class of plaintiffs and Defendants and more than $5 million is in controversy. See 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B).

4. Defendants did not remove this action on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants removed this action pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453. CAFA requires only minimal diversity. Minimal diversity under CAFA exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant" or when "any member of a class of plaintiffs is a . . . citizen . . . of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A), (B). The class Plaintiff purports to represent consists of citizens of states throughout the United States and the world. At least three of the Defendants are citizens of California.

DATED: August 16, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: ___/s/Peter B. Morrison___
Peter B. Morrison
Attorney for Defendants