SCOTT+SCOTT ATTORNEYS AT LAW LLP
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiff*

[Additional counsel on signature block.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AVNER GREENWALD, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>vs.<br><br>RIPPLE LABS INC., *et al.*,<br><br>               Defendants. | Case No. 18-cv-4790-PJH<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  October 17, 2018<br>Time: 9:00 a.m.<br>Courtroom:  3<br><br>Hon. Phyllis J. Hamilton |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
CASE NO. 18-CV-4790-PJH

## NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on October 17, 2018 at 9:00 a.m., before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court, Northern District of California, 1301 Clay Street, Courtroom 3, Oakland, California 94612, Avner Greenwald ("Plaintiff") will move this Court for an order, pursuant to 28 U.S.C. §1447(c), remanding this action to the Superior Court of the State of California, County of San Mateo.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of John T. Jasnoch and the Proposed Order filed herewith, all pleadings and papers filed herewith, arguments of counsel, and any other matters properly before the Court.

## CONCISE STATEMENT OF RELIEF SOUGHT BY MOVANT

Plaintiff seeks an order remanding this case to the Superior Court of the State of California, County of San Mateo.  This case only asserts claims under the Securities Act of 1933 (the "Securities Act" or "1933 Act") and was improperly removed to this Court by Defendants[1] pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1453.  Because the 1933 Act bars removal of actions alleging only 1933 Act claims and 9th Circuit precedent, *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), addresses this precise circumstance and holds that the 1933 Act removal bar prohibits removal under CAFA, this case must be remanded.

## QUESTIONS PRESENTED

1.   Does the anti-removal provision in Section 22(a) of the 1933 Act prohibit removal under CAFA of cases asserting only 1933 Act claims?

2.   Should this case be remanded given that controlling 9th Circuit precedent, *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), holds that the anti-removal

---

[1]   Defendants are Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita (collectively, "Defendants").

provision of the 1933 Act prohibits removal under CAFA of cases asserting only 1933 Act claims, the precise issue to be addressed by the Court in this Motion?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This securities class action was commenced in the Superior Court of the State of California, County of San Mateo, on July 3, 2018, on behalf of all persons or entities who purchased XRP tokens, a virtual currency, from July 3, 2015 through the present. (ECF No. 1-1, Compl., ¶87.) This action asserts ***only*** claims brought under §§5, 12(a)(1), and 15 of the Securities Act. On August 8, 2018, Defendants removed the action to this Court under CAFA, 28 U.S.C. §1453(b).  *See* Defs' Removal, ¶¶3-4.[2]  Defendants explicitly do not rely on the general removal statute, 28 U.S.C. §1441(a).  Defs' Removal, ¶25.

Removal was improper because, as the U.S. Supreme Court recently confirmed, the 1933 Act explicitly bars removal of actions bringing only 1933 Act claims.  15 U.S.C. §77v(a); *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061 (2018).  Moreover, Defendants' position that the 1933 Act's removal bar should be disregarded when CAFA is invoked is foreclosed by controlling 9th Circuit law.  In *Luther*, the 9th Circuit squarely held that the 1933 Act's anti-removal bar prohibits removal under CAFA.  533 F.3d at 1034.  The 9th Circuit's holding is directly applicable here and requires the Court to resolve this motion in favor of remand.

Accordingly, the Court should grant Plaintiff's motion in full.

**II.    ARGUMENT**

**A.    Controlling Law of this Circuit Requires Remand**

Directly applicable 9th Circuit authority requires this Court to grant remand.  In *Luther*, the 9th Circuit held that section 22(a) of the Securities Act of 1933 provides an "express exception to

---

[2]    *See* Notice of Removal of State Court Action (ECF No. 1) ("Defs' Removal").

1  removal" that trumps CAFA, meaning that CAFA does not provide a basis for removal of cases that
2  only assert 1933 Act claims.  533 F.3d at 1034.[3]

3  Section 22(a) of the 1933 Act (enacted as part of the Private Securities Litigation Reform Act
4  of 1998 ("PSLRA")) states, "no case arising under this subchapter and brought in any State court of
5  competent jurisdiction shall be removed to any court of the United States."[4]  15 U.S.C. §77v(a).
6  CAFA authorizes removal of class actions where:  (1) the amount in controversy exceeds
7  $5,000,000; (2) the putative class has more than 100 members; and (3) any member of the class is a
8  citizen of a state different from any defendant.  28 U.S.C. §§1332(d)(2), (d)(2)(A), 5(B), 1453(b).
9  *Luther* held that "CAFA's general grant of the right of removal of high-dollar class actions does not
10 trump §22(a)'s specific bar to removal of cases arising under the Securities Act of 1933."  533 F.3d
11 at 1034.  *Luther* relied on "'a basic principle of statutory construction that a statute dealing with a
12 narrow, precise, and specific subject is not submerged by a later enacted statute covering a more
13 generalized spectrum.'"  *Id.* (citing *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)).
14 As here, *Luther* was a case that alleged only 1933 Act claims.  Applying *Luther*, remand is required.

15 This Court is bound by *Luther*'s interpretation of federal statutes.  "Circuit decisions are *stare
16 decisis* unless they are overruled by the court *en banc* or come into conflict with a subsequent
17 decision to which it owes obedience, such as a decision by the Supreme Court."  *Hurst v. Prudential
18 Sec. Inc.*, 923 F. Supp. 150, 155 (N.D. Cal. 1995) (citing *Spinelli v. Gaughan*, 12 F.3d 853, 855 (9th
19 Cir. 1993); *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478-79 (9th Cir. 1987)).  "A
20 district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his
21 own court of appeals who have ruled on a controlling legal issue[.]"  *Hart v. Massanari*, 266 F.3d

---

[3] In *Cyan*, the Supreme Court recently confirmed that SLUSA provides no basis for removal of pure 1933 Act cases. *See generally Cyan,* 138 S. Ct. 1061.  Notably, CAFA was not even raised as a potential source of defeating the removal ban.  *See id*.

[4] There is an "except clause" to this provision, but it is not applicable here.

1155, 1170 (9th Cir. 2001).  Since it was decided 10 years ago, neither the Supreme Court nor the 9th Circuit has overruled *Luther*.[5]

Indeed, during oral argument in a related case that, unlike this case, involved both 1933 Act claims and state law claims, the Court unequivocally stated that *Luther* requires remand of pure 1933 Act cases.  In *Coffey v. Ripple Labs, Inc.*, No. 18-cv-03286-PJH, the Court considered the import of *Luther* on the remand motion of a plaintiff who asserted both state law and 1933 Act claims.  2018 WL 3812076, at *1 (N.D. Cal. Aug. 10, 2018).[6]  Because of the presence of state law claims, *Coffey* was materially different from the instant case and the Court's ultimate decision in *Coffey*, that the presence of state law claims allowed for removal under CAFA is inapt.  However, during oral argument, the Court acknowledged that *Luther* was controlling precedent and that *Luther* would have required remand had *Coffey* only asserted 1933 Act claims.  Specifically, the Court stated that it "has no authority to overturn *Luther*" and that, if the case had been brought with only 1933 Act claims, "it wouldn't present a dilemma for me[;] **I'd remand it, obviously**."  *Coffey* Aug. 1, 2018 Hr'g Trans., attached to Declaration of John T. Jasnoch ("Jasnoch Decl."), Ex. A at 13:11-12 and 28:17-19, respectively.  This sentiment was echoed in the Court's opinion, which stated, "defendants did not remove this action based on the Securities Act claim satisfying CAFA's requirements – likely a losing proposition under *Luther*."  2018 WL 3812076, at *4.  By this motion, Plaintiff asks no more than that the Court draw the "obvious" conclusion and remand pursuant to *Luther*.

---

[5] The Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), is not "clearly irreconcilable" with *Luther*.  *Dart Cherokee* addressed "'whether a defendant seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice removal, or whether alleging the required short and plain statement of the grounds for removal [is] enough.'"  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee*, 135 S. Ct. at 552-53)  This issue is wholly distinct from the issue decided in *Luther*.  The 9th Circuit has since made clear that *Dart Cherokee* limited *Luther* only as related to the presumption against removal – a presumption that generally exists under 9th Circuit law, but which does not exist for CAFA cases after *Dart Cherokee*.  *Id.* at 1182-83.

[6] Coffey has since dismissed his case.  (ECF No. 29 in Case No. 18-cv-03286.)

### B. Greenwald's Foreign Citizenship Has No Impact on the Effect of the 1933 Act Removal Bar

In an effort to avoid the result clearly compelled by *Luther*, Defendants put forth a nonsensical argument that Greenwald's "alienage" status somehow impacts this Court's remand analysis and "takes this case outside the purview of *Luther*." Defs' Removal, ¶¶11-15. This fig leaf argument cannot conceal the glaring weakness of Defendants' position or the fact that they ask the Court to ignore controlling precedent. Nothing in the cases cited by Defendants provides a basis for this Court not to follow *Luther* and remand.[7] To the extent Defendants argue that this case does not properly bring claims under the Securities Act because it addresses "international transactions" (Defs' Removal, ¶14), that issue is separate and apart from Greenwald's citizenship and, most importantly, an argument to be made in a motion to dismiss. That argument is not ripe for discussion at this jurisdictional stage.

### C. Defendants' Improper Removal Has Caused Unnecessary Delay and, Unless Promptly Corrected, Will Cause Inefficiency

Defendants' removal has delayed this case from properly proceeding in state court and threatens to undermine judicial economy. This case was filed over two months ago, on July 3, 2018. Two related class actions are pending in the same state court, San Mateo County, and the instant case is ripe for coordination with those cases. *See Zakinov v. Ripple Labs, Inc.*, No. 18CIV02845 (Superior Court, San Mateo) (filed June 5, 2018); *Oconor v. Ripple Labs, Inc.*, No. 18CIV03332 (Superior Court, San Mateo) (filed June 27, 2018). Indeed, prior to removal, counsel in this case reached out to counsel in *Zakinov* and *Oconor* and discussed coordination.

*Zakinov* and *Oconor* allege state law claims on behalf of a class of California purchasers of XRP during the same class period alleged in the instant complaint, July 3, 2015 through the present. Jasnoch Decl., Exs. B and C. Like the instant case, *Zakinov* and *Oconor* allege that XRP should have been registered securities – but under California law, rather than federal law. *See, e.g.,* Ex. C,

---

[7] *New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Trust 2006-4* held that CAFA overrode the 1933 Act's anti-removal provision to permit removal of case, unless a CAFA statutory exception applied. 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008). This is in direct conflict with *Luther* and thus is contrary to the law of this Circuit.

¶¶3-4, 58.  Demonstrating the similarity of the issues raised, *Zakinov* and *Oconor* point to federal SEC guidance in support of their position.  *See*, *e.g.*, Ex. C, ¶¶65-72; *see similarly* Compl., ¶¶84-86.  Many of the factual allegations in *Zakinov* and *Oconor* overlap as they both relate to the creation, sale, and solicitation of XRP.  *Compare* Compl., ¶¶29-77 *with* Ex. C, ¶¶14-57.  Thus, coordination of dispositive motions and discovery makes sense in order to promote judicial economy.

Notably, Defendants did not seek to remove *Zakinoc* and *Oconor* to this Court.  It makes little sense for this case to proceed in federal court while related cases have been consolidated and are proceeding in state court.  In the consolidated state case, a Consolidated Complaint is due October 15, 2018.  Jasnoch Decl., Ex. D, ¶8.  Defendants have until November 29, 2018 to file a demurrer, and a briefing schedule has been put in place for the demurrer.  *Id*.

The unnecessary delay caused by Defendants, potential for judicial inefficiency if this case is further delayed, and clarity of the *Luther* precedent warrant a prompt remand.  *See similarly Book v. ProNAi Therapeutics, Inc.*, No. 16-7408, 2017 WL 2533664, at *1 (N.D. Cal. June 12, 2017) (holding that a stay pending the Supreme Court's consideration of writs of certiorari related to *Cyan* was not warranted ).

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court remand this action to the Superior Court of the State of California, County of San Mateo.

DATED:  September 7, 2018           Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch

JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

− and −

Thomas L. Laughlin, IV
Rhiana L. Swartz
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334

*Attorneys for Plaintiff Avner Greenwald*

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
CASE NO. 18-CV-4790-PJH

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                            s/ John T. Jasnoch
                                            JOHN T. JASNOCH