UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVNER GREENWALD, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>                      v.<br><br>RIPPLE LABS INC., et al.,<br><br>                      Defendants. | CASE NO.: 4:18-cv-04790-PJH<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

The Court, having considered the Plaintiff's Motion to Remand ("Motion"), the Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion, Plaintiff's Reply In Further Support of his Motion, declarations and exhibits, as well as the files in the case and any oral argument presented, and for good cause shown therein, it is hereby ORDERED as follows:

The Motion is DENIED on the grounds that the above-captioned matter was properly removed under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

Under CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a foreign country and any defendant is a citizen of a state; and (3) the amount in controversy exceeds $5 million.  See 28 U.S.C. §§ 1332(d)(2), (5)(B), 1453(b).  Plaintiff does not dispute that this Action meets these three requirements.  First, Plaintiff purports to assert claims on behalf of a "class" consisting of "thousands of members." (Compl. ¶¶ 87, 89.)  Second, alienage jurisdiction exists because at least three of the Defendants are allegedly citizens of California (Compl. ¶¶ 15-27) and there are members of the putative class who are citizens of foreign countries; Plaintiff himself is a resident and citizen of Israel.  (Compl. ¶¶ 14, 87; Mot. 5:1-11.)  Third, as Plaintiff seeks rescission of sales of XRP, which he alleges in the first quarter of 2018 alone, "Defendants sold at least $167.7 million worth of XRP" (Compl. ¶ 52), the amount in controversy requirement is met.  Finally, none of the exceptions that preclude CAFA removal apply, nor has Plaintiff alleged that they do.  See 28 U.S.C. § 1453(d)(1)-(3).

The Ninth Circuit's decision in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), does not bar removal here.  The presence of alienage jurisdiction under CAFA and the foreign relations issues it raises make Luther distinguishable from this case.  The Luther court was not asked to consider, and did not consider, the "peculiarly federal interest[s]" alienage jurisdiction raises, 17th St. Assocs., LLP v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584, 602 (E.D. Va. 2005), or the effect on Section 22(a) of CAFA's extension of alienage jurisdiction.  Rather, Luther considered only whether Section 22(a) barred removal of a securities case in a

circumstance in which the minimal diversity provisions of CAFA expressly permit removal. Luther's reasoning does not support remand here because application of Section 22(a) to an alienage jurisdiction removal under CAFA would "unduly interfere" with the operation of CAFA. See Radzanower v. Touche Rosss & Co., 426 U.S. 148, 156 (1976); Fed. Home Loan Bank of S. F. v. Deutsche Bank Sec., Nos. 10-3039 SC, 10-B045SC, 2010 WL 5394742, at *6 (N.D. Cal. Dec. 20, 2010).

Instead, the plain language of CAFA permits removal despite Section 22(a). Under §1453(d), CAFA expressly excepts certain class actions from removal that "solely" involve a claim: (1) concerning a "covered security," as defined by 15 U.S.C. § 77p(f)(3); (2) relating to the internal affairs or governance of a corporation and arise under the laws of the state in which such corporation was formed; or (3) relating to the rights, duties, and obligations relating to or created by or pursuant to any security. See 28 U.S.C. § 1453(d)(1)-(3). "[R]ead as a whole, CAFA's plain language 'creates original jurisdiction for and removability of all class actions that meet the minimal requirements and do not fall under one of the limited exceptions.'" Coffey v. Ripple Labs Inc., No. 18-cv-03286-PJH, 2018 WL 3812076, *7 (N.D. Cal. Aug. 10, 2018) (quoting New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Trust 2006-4, 581 F. Supp. 2d 581, 584 (S.D.N.Y. 2008)); see also Katz v. Gerardi, 552 F.3d 558, 562 (7th Cir. 2009) (concluding that claims falling within the exceptions are not removable, but "[o]ther securities class actions are removable if they meet the requirements of" CAFA).

Section 1453 does not have an unwritten fourth exception for cases falling within the removal bar in Section 22(a). See Coffey, 2018 WL 3812076, at *8. The general removal statute, Section 1441(a), states: "*Except as otherwise provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. . . ." 28 U.S.C. § 1441(a). (emphasis added). "[C]ourts have interpreted § 1441(a)'s broad except clause as a reference to antiremoval provisions in other federal statutes." Coffey, 2018 WL 3812076, at *8 (collecting cases). "The absence of § 1441(a)'s except clause, or anything even resembling it [in § 1453], weighs heavily against reading such a broad exception into § 1453." Id. This is especially so given that the specific exceptions in Section 1453(d) pertain

to certain types of securities claims.  "That Congress considered and excepted one part of the Securities Act but did not reference § 22(a), strongly suggests that the court should not read additional Securities Act exceptions into CAFA."  Id. at *9.

    Moreover, any interpretation under which Section 22(a) barred removal under CAFA, even though CAFA has no "except" clause, would render the "except" clause in Section 1441(a) superfluous.  See Duncan v. Walker, 533 U.S. 167, 174 (2001) (noting rule of statutory interpretation against treating "statutory terms as surplusage").  "[I]f § 1441(a)'s except clause is to be taken seriously, then it should not be read into every [other] removal statute" because it would "render[] the except clause entirely superfluous."  Coffey, 2018 WL 3812076, at *9.  Likewise, the separate removal provision found in § 1453(b) "itself becomes largely superfluous if it is read to include § 1441(a)'s exception."  Id. at *10.  If an action satisfying CAFA's requirements were removed pursuant to § 1441(a), then this "would subject the removal to § 1441(a)'s except clause and the entire array of federal antiremoval statutes" including § 22(a)'s removal bar.  Id.  "If Congress wanted that result, it could have omitted § 1453(b) entirely.  Instead, Congress enacted an entirely different removal provision that does not include anything resembling § 1441(a)'s broad except clause."  Id.  Thus, the text and structure of CAFA confirm that Congress did not intend for Section 22(a)'s removal bar to apply to cases removed pursuant to CAFA.

    Furthermore, the decision in Luther should be limited to its facts and not expanded to bar the removal of international class actions, or it should be reconsidered.  First, "part of Luther's reasoning has been undermined by the Supreme Court's decision in" Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 551 (2014).  Coffey, 2018 WL 3812076, at *4.  As this Court explained, "[t]he Luther court relied on the Ninth Circuit's general rule that 'removal statutes are strictly construed against removal,' and that 'any doubt is resolved against removability.'"  Id.  However, in Dart Cherokee, the Supreme Court concluded that "'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'"  Coffey, 2018 WL 3812076, at *4 (quoting Dart Cherokee, 135 S. Ct. at 554).  As such, the Ninth Circuit has "recognized that Dart Cherokee undermines Luther's reasoning on that point."  Id. (citing Jordan v. Nationstar Morg. LLC, 781 F.3d 1178, 1183 n.2 (9th

Cir. 2015)). "And one [other] authority has suggested that Dart Cherokee's 'assertion that no antiremoval presumption applies to cases removed under CAFA,' calls into question Luther's holding regarding § 22(a) and § 1453." Id. (quoting Moore et al., 16 Moore's Federal Practice - Scope of Removal § 107.91[1][b] (2018)).

Second, other courts have expressly disagreed with the holding in Luther. See Katz, 552 F.3d at 562; HarborView, 581 F. Supp. 2d at 587-88. The reasoning of these courts is persuasive and counsels against expanding Luther to bar removal of actions removed under alienage jurisdiction.

IT IS SO ORDERED.

DATED: _____, 2018

                                            Hon. Phyllis J. Hamilton
                                            United States District Judge
                                            Northern District of California

Respectfully submitted by:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*s/ Peter B. Morrison*_____
               Peter B. Morrison
               Attorneys for Defendants