SCOTT+SCOTT ATTORNEYS AT LAW LLP
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiff*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AVNER GREENWALD, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>RIPPLE LABS INC., *et al.*,<br><br>                              Defendants. | Case No. 4:18-cv-4790-PJH<br><br> **CLASS ACTION**<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO REMAND**<br><br>Date:  October 24, 2018<br>Time: 9:00 a.m.<br>Courtroom:  3<br><br>Hon. Phyllis J. Hamilton |

## I.     INTRODUCTION

This securities class action was commenced in the Superior Court of the State of California, County of San Mateo, on behalf of all persons or entities who purchased XRP tokens from July 3, 2015 through the present.  (ECF No. 1-1, Compl., ¶87.)  This action asserts **only** claims brought under §§5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act") and, therefore, is subject to the Securities Act's anti-removal provision and may not be removed.  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  Nevertheless, Defendants ignored controlling Ninth Circuit authority and removed this action on August 8, 2018, asserting that removal was proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1453(b).  *See* Defs' Removal, ¶¶3-4.[1]  Remand is required because this Circuit's precedent does not allow for the removal of pure Securities Act cases under CAFA.

Defendants' primary argument – that this case is distinguishable from *Luther* because the proposed class includes foreign plaintiffs – is makeweight.  There is nothing special about the class definition in this case that distinguishes it from the class definition in *Luther* or the dozens of Securities Act cases proceeding in state courts in the Ninth Circuit.  As is standard in such cases, this action asserts claims on behalf of "all purchasers" of XRP who were harmed by the Securities Act violations.  Compl., ¶2.  Indeed, *Luther* had the same type of class definition, asserting claims "on behalf of all persons and entities" who acquired "hundreds of billions" worth of the securities in question.  *Luther*, 533 F.3d at 1032.  Thus, the distinction that Defendants seek to draw with *Luther* does not exist.  Both this case and *Luther* asserted claims on behalf of all potential members, whether they were foreign or domestic.   Just as importantly, the rule of law announced in *Luther*, that the anti-removal provision of the Securities Act trumps CAFA as to pure Securities Act cases, provides no room for Defendants to carve out an exception based on arguments about the identity of members of the putative class.

---

[1]     *See* Notice of Removal of State Court Action (ECF No. 1) ("Defs' Removal").

1    In addition to being barred by *Luther*, Defendants' argument is unsupported by precedent.
2  Defendants have no authority for their position that the presence of foreign class members provides
3  any basis for overriding *Luther* or the Securities Act's anti-removal bar.  Notably, Defendants do not
4  cite to on-point precedent, do not explain how their argument changes *Luther*'s statutory analysis, or
5  even point to legislative history or academic writings directly supporting their position.

6    Defendants' argument also conflicts with Supreme Court precedent and with the Securities
7  Act's regulatory scheme.  The premise of Defendants' argument is that if a class contains foreign
8  citizens in addition to U.S. citizens, then the case implicates the interest of foreign nations and must
9  be adjudicated in federal court for that reason.  But that argument ignores the fundamentally U.S.-
10 based nature of this action, which alleges that Defendants violated the Securities Act's prohibition on
11 issuing unregistered securities, which is part of the regulatory scheme put in place after the Great
12 Depression to protect U.S. securities markets.  The Supreme Court has recently held that Congress,
13 via the statutory grant of concurrent state jurisdiction in the Securities Act, has given state courts the
14 power to adjudicate such actions.  *See Cyan, Inc. v. Beaver County Empls. Ret. Fund*, 138 S. Ct.
15 1061, 1078 (2018) ("SLUSA did nothing to strip state courts of their longstanding jurisdiction to
16 adjudicate class actions alleging only 1933 Act violations.").  Moreover, if adopted, Defendants'
17 position would create the anomalous result that Securities Act claims concerning "covered
18 securities" could not be removed because they fall within an exception to CAFA, but that Securities
19 Act claims for other securities could be removed to federal court.

20   Defendants' alternative argument that the Court should hold that *Luther* is "clearly
21 irreconcilable" with *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), also
22 fails.  The "clearly irreconcilable" test is an extremely demanding standard that allows a district
23 court to disregard controlling appellate authority only when it has identified intervening Supreme
24 Court authority that is unequivocally inconsistent with the appellate authority.  That is not the case
25 here.  While *Dart Cherokee* did negate the Ninth Circuit's rule of strictly constructing removal
26 statutes, it did not take issue with *Luther*'s actual holding that the Securities Act's anti-removal bar
27 trumps CAFA or the statutory analysis underpinning that holding.

28

1    Accordingly, the Court should grant Plaintiff's motion to remand in full.

2    **II.    ARGUMENT**

3        **A.    The Court Must Apply *Luther* and Remand**

4        Directly applicable 9th Circuit authority requires this Court to grant remand.  In *Luther*, the
5    9th Circuit held that section 22(a) of the Securities Act provides an "express exception to removal"
6    that trumps CAFA, meaning that CAFA does not provide a basis for removal of cases that only
7    assert Securities Act claims.  533 F.3d at 1034.  This case asserts only Securities Act claims and,
8    therefore, applying *Luther*, remand is required.

9        The Court has already recognized that *Luther* requires remand of pure Securities Act claims.
10   During oral argument in *Coffey v. Ripple Labs, Inc.*, No. 18-cv-03286-PJH, the Court considered the
11   import of *Luther* on the remand motion of a plaintiff who asserted both state law and Securities Act
12   claims, the Court stated that it "has no authority to overturn *Luther*" and that, if the case had been
13   brought with only Securities Act claims, "it wouldn't present a dilemma for me[;] ***I'd remand it,***
14   ***obviously***."  *Coffey*, Aug. 1, 2018, Hr'g Trans., attached to Declaration of John T. Jasnoch in
15   Support of Plaintiff's Motion to Remand, Ex. A at 13:11-12 and 28:17-19, respectively (ECF No.
16   15-3).  The Court reiterated the point in its written order, stating that "defendants did not remove this
17   action based on the Securities Act claim satisfying CAFA's requirements – likely a losing
18   proposition under *Luther*."  *Coffey v. Ripple Labs, Inc.*, No. 18-cv-03286-PJH, 2018 WL 3812076, at
19   *4 (N.D. Cal. Aug. 8, 2018).

20       Now Defendants, the same Defendants as in *Coffey*, are pressing their luck by removing a
21   case that "obviously" should not have been removed under *Luther*, and trying to distinguish *Luther*
22   on the grounds that removal in this case was based on "alienage jurisdiction" due to the presence of
23   foreign citizens in the putative class.  Opp. at 7-8.  But Defendants' argument does not hold water.
24   As a factual matter, the class definitions in *Luther* and this case are substantively the same, both
25   classes assert claims on behalf of "all" individuals and entities that purchased the security in
26   question.  *Compare Luther*, 533 F.3d at 1032 *with* ¶¶2, 87 (ECF No. 1-1, Compl.).  Thus, this case
27   and *Luther* satisfied CAFA's minimal diversity jurisdiction in the same way; based on the class

28
                                        3

1    definition, it was a certainty in both cases that "citizens of states other than California or citizens of

2    foreign states" had purchased the security.  *See* Defs' Removal, ¶6 (setting forth Defendants' basis

3    for asserting that minimal diversity had been satisfied).  There is no way to distinguish *Luther* on

4    that ground.

5        Furthermore, this action undeniably falls within the ambit of the direct holding of *Luther*.

6    *Luther* did not turn on policy considerations regarding whether it would better if a certain category

7    of cases were litigated in federal court.  Rather, *Luther* involved a statutory construction of the

8    Securities Act and CAFA and held that the anti-removal provision of the Securities Act prevents

9    removal under CAFA. *Luther*, 533 F.3d at 1034 ("In summary, by virtue of § 22(a) of the Securities

10   Act of 1933, Luther's state court class action alleging only violations of the Securities Act of 1933

11   was not removable.  The motion to remand was properly granted.").  *Luther*'s holding that the anti-

12   removal bar trumps removal under CAFA as to pure Securities Act cases leaves no room for

13   Defendants to try and carve out a subset of pure Securities Act cases as somehow exempt from

14   *Luther*'s holding.  In other words, even if *Luther* were "limited to the narrow question it addressed"

15   as Defendants suggest, remand would still be required because the "narrow question" addressed by

16   *Luther* was whether pure Securities Act cases, such as this one, must be remanded pursuant to the

17   Securities Act's anti-removal bar.

18       Beyond the decisive fact that *Luther* forecloses Defendants' arguments, it is important to note

19   that Defendants' claim that there is something unusual about the presence of foreign class members

20   in this case that warrants carving out an exception to *Luther* makes very little sense.  **First**, there is

21   nothing unusual about the class definition in this case or the fact that it encompasses foreign class

22   members who purchased U.S-issued securities.   The class definition here is the same as in *Luther*.

23   State courts in California and across the nation regularly adjudicate Securities Act cases that have

24   substantively the same class definition.[2]  The U.S. is the largest securities market in the world and

25

26   [2]       Attached to the Declaration of John T. Jasnoch in Support of Plaintiff's Reply in Further
     Support of Motion to Remand, filed herewith, as Exhibits 1-5 are copies of recent Securities Act
27   complaints filed in California state court.  Exhibit 1's class definition is at paragraph 2; Exhibit 2's
     class definition is at paragraph 1; Exhibit 3's class definition is at paragraph 1; Exhibit 4's class

28

1   has huge numbers of foreign participants.  To the extent investors have a claim arising from a U.S.-

2   based transaction, they may seek relief in the U.S. as part of a class action.  *See Morrison v. Nat'l*

3   *Australia Bank, Ltd.*, 561 U.S. 247, 266-67 (2010).  ***Second,*** Defendants' emphasis on the supposed

4   foreign connections of this action is wholly misplaced.  This is a fundamentally U.S.-based action

5   asserting that a U.S.-based and U.S.-incorporated company issued securities in the U.S. in violation

6   of the Securities Act, which Congress put in place to safeguard the nation's securities markets.

7   *Cyan*, 138 S. Ct. at 1066 ("In the wake of the 1929 stock market crash, Congress enacted two laws,

8   in successive years, to promote honest practices in the securities markets.  The 1933 Act required

9   companies offering securities to the public to make 'full and fair disclosure' of relevant

10  information.").  Thus, any foreign connection is incidental and any foreign interest is subservient to

11  this country's interest in regulating its securities markets.  ***Third***, to the extent that there was any

12  question about the ability of state courts to adjudicate Securities Act cases, it has been resolved in a

13  unanimous decision by the Supreme Court in *Cyan* that Congress granted state courts concurrent

14  jurisdiction where "if a plaintiff chose to bring a [Securities Act] suit in state court, the defendant

15  could not change the forum."  *Id.* at 1066, 1078.  ***Fourth***, Defendants have pointed to no on-point

16  authority, legislative history, or other precedent supporting their position.  There is no indication that

17  Congress, or any court, thought that the existence of "alienage jurisdiction" could possibly be a

18  ground for overriding the Securities Act's anti-removal bar.  To the contrary, Defendants do not even

19  dispute that Securities Act claims for covered securities which fall into the CAFA exception may not

20  be removed from state court notwithstanding the supposed international relation concerns

21  Defendants have raised.  *See* Def. Opp. at 7 n.3.  There is no discernible reason why Congress would

22  entrust state courts with some Securities Act class actions under SLUSA while reserving very similar

23  Securities Act claims regarding non-covered securities for federal court under CAFA.

24

25

26  definition is at paragraph 1; Exhibit 5's class definition is at paragraph 1.  As a review of these
    examples demonstrates, it is standard to include "all" affected purchasers in a class, whether they are

27  foreign or domestic.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## B.  *Luther* Is Not "Clearly Irreconcilable" with *Dart Cherokee*

Defendants also argue that this Court is no longer bound to follow *Luther* because it is clearly irreconcilable with *Dart Cherokee*.  That is not so.

The "clearly irreconcilable" standard is extremely high and has not been met here.  "As a three-judge panel of this circuit, we are bound by prior panel decisions . . . and can only reexamine them when their 'reasoning or theory' of that authority is 'clearly irreconcilable' with the reasoning or theory of intervening higher authority."  *Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (*en banc*)).  "This is a high standard."  *Id.*  "It is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to 'cast doubt' on prior circuit precedent.  The intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent."  *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012).

The Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), is not "clearly irreconcilable" with *Luther*.  *Dart Cherokee* addressed "whether a defendant seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice removal, or whether alleging the required short and plain statement of the grounds for removal is enough."  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (quoting *Dart Cherokee,* 135 S. Ct. at 552-53)(internal quotation marks omitted).  This issue is wholly distinct from the issue decided in *Luther*.  The 9th Circuit has since made clear that *Dart Cherokee* limited *Luther* only as related to the presumption against removal – a presumption that generally existed under 9th Circuit law prior to *Dart Cherokee*.  781 F.3d at 1182-83.  But that presumption was not decisive in *Luther*.  On the contrary, the *Luther* court based its decision on a statutory analysis of the Securities Act and CAFA that has not been questioned by *Dart Cherokee*.  *Luther,* 533 F.3d at 1034.  Indeed, in *Coffey*, this Court recognized that while *Dart Cherokee* had undermined a "part of *Luther*'s reasoning," *Luther* "likely" remained good law and would require remand of a pure Securities Act case.  *Coffey*, 2018 WL 3812076, at \*4.  The Court's assessment in

6

1    *Coffey* was correct, the substantive portion of *Luther's* analysis has not been questioned, and it

2    remains binding on this Court.[3]

### C. Defendants' Improper Removal Has Caused Unnecessary Delay and, Unless Promptly Corrected, Will Cause Inefficiency

Defendants' baseless removal of this action has wasted resources and prevented this action from moving forward in conjunction with a related consolidated state action asserting state law claims on behalf of a class of California citizens. *See Zakinov v. Ripple Labs, Inc.*, No. 18CIV02845 (Superior Court, San Mateo) (filed June 5, 2018); *Oconor v. Ripple Labs, Inc.*, No. 18CIV03332 (Superior Court, San Mateo) (filed June 27, 2018).  In the consolidated state case, a Consolidated Complaint is due October 15, 2018.  Defendants have until November 29, 2018 to file a demurrer, and a briefing schedule has been put in place for the demurrer.  The Court should promptly grant Plaintiff's motion so that he can proceed in coordination with the related state action.

## III. CONCLUSION

Based on the foregoing and for the reasons stated in Plaintiff's initial brief, Plaintiff respectfully requests that the Court remand this action to the Superior Court of the State of California, County of San Mateo.

DATED:  October 5, 2018

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

– and –

---

[3]    The out of circuit lower court decisions discussed by Defendants are not relevant to whether *Luther* is "clearly irreconcilable" with *Dart Cherokee*.  *See* Def. Opp. at 22-23.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas L. Laughlin, IV
Rhiana L. Swartz
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334

*Attorneys for Plaintiff Avner Greenwald*

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on October 5, 2018, I authorized the electronic filing of the foregoing

4
with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

5
the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

6
caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

7
CM/ECF participants indicated on the attached Manual Notice List.

8
  s/ John T. Jasnoch
JOHN T. JASNOCH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28