UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVNER GREENWALD, | Case No. 18-cv-04790-PJH |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING** |
| RIPPLE LABS, INC., et al., | |
| Defendants. | Re: Dkt. No. 15 |

Before the court is plaintiff Avner Greenwald's motion to remand. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 24, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand, for the following reasons.

This is a putative securities class action brought by plaintiff Greenwald against defendants Ripple Labs, Inc. ("Ripple"), XRP II, LLC, a subsidiary of Ripple and various individual defendants.[1] Compl. ¶¶ 1-2, 11-28. Plaintiff originally filed this action in the San Mateo County Superior Court on July 3, 2018, and served the defendants on July 9, 2018. Dkt. 1.

In summary, plaintiff alleges that Ripple created a digital currency called XRP and "from 2013 to the present, defendants and their affiliates have been engaged in an ongoing scheme to sell XRP to the general public." Compl. ¶¶ 38-41, 78-80. Plaintiff

---

[1] The individual defendants are Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric Van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita.

Greenwald, a resident of Israel, alleges that he "bought and sold XRP in both USD and Bitcoin between December 14, 2017, and May 12, 2018, and suffered losses on those investments as a result of the [defendants'] scheme." Compl. ¶ 14.

Plaintiff further alleges that because XRP qualifies as a "security" under § 2(a)(1) of the Securities Act of 1933 (the "Securities Act"), 14 U.S.C. § 77b(a)(1), Ripple's past and ongoing sales of XRP constitute the selling of unregistered securities in violation of the Securities Act. Compl. ¶¶ 3, 6, 12. On behalf of "a class of all persons or entities who purchased XRP from July 3, 2015, through the present," Compl. ¶ 87, plaintiff asserts two causes of action: (1) for violation of §§ 5 & 12(a)(1) of the Securities Act against all defendants for the unregistered offer and sale of securities; and (2) for violation of § 15 of the Securities Act (control person liability) against Ripple and the individual defendants.

On August 8, 2018, defendants timely removed the action pursuant to the Class Action Fairness Act ("CAFA"), under 28 U.S.C. § 1453. Dkt. 1.

CAFA "relaxed" the diversity requirements for putative class actions. See Dart Cherokee Basin Operating Co., LLC v. Owens, ––– U.S. –––, 135 S.Ct. 547, 551, 190 L.Ed.2d 495 (2014). Pursuant to CAFA, a defendant may remove an action under § 1453 if the amount in controversy exceeds $5 million, the putative class has more than 100 members, and the parties are minimally diverse. Id. at 552; 28 U.S.C. §§ 1332(d), 1453.

Plaintiff's motion to remand does not contend that defendants cannot show this action fails to meet any of CAFA's three jurisdictional requirements. Instead, plaintiff argues that § 22(a) of the Securities Act operates as a complete bar on removing any action that involves only Securities Act claims.[2]

Plaintiff is correct. Plaintiff's only two causes of action are brought under the Securities Act. Defendants' CAFA-based removal was therefore necessarily premised on

---

[2] Section 22(a) states: "Except as provided in 77p(c) [§ 16(c)], no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

2

1  plaintiff's Securities Act claims. In that situation, controlling Ninth Circuit authority
2  requires remand.
3  In Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir.
4  2008), the Ninth Circuit considered whether an action that solely alleged Securities Act
5  claims could be removed under CAFA. Luther, 533 F.3d at 1032, 1034. Luther reasoned
6  that because § 22(a) dealt "with a narrow, precise, and specific subject" that "applie[d]
7  only to claims arising under the Securities Act" it was "not submerged by [CAFA,] a later
8  enacted statute covering a more generalized spectrum of class actions." Id. at 1034.
9  Thus, Luther held that, "by virtue of § 22(a) of the Securities Act of 1933, [plaintiff's] state
10 court class action alleging only violations of the Securities Act of 1933 was not
11 removable." Id.

Despite this clear holding, defendants make a number of arguments that Luther does not require remand here. Those arguments fail to persuade.

First, defendants argue that Luther only addressed removal based on CAFA's "minimal diversity" jurisdiction, see 28 U.S.C. § 1332(d)(2)(A), whereas the present action was removed based on CAFA's "alienage jurisdiction" because plaintiff Greenwald is a citizen of Israel, see 28 U.S.C. § 1332(d)(2)(B). Neither Luther nor CAFA supports that distinction. Nothing in Luther suggests that the decision hinged on removal being premised on minimal diversity jurisdiction, rather than alienage jurisdiction.[3]

In addition, § 1332(d)(2)(B) does not limit alienage jurisdiction to circumstances where the named plaintiff is a citizen of a foreign state. Instead, that subsection is implicated whenever "any member of [the] class of plaintiffs is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. 1332(d)(2)(B) (emphasis added). The court finds it implausible that the Luther action "brought on behalf of all persons and entities who acquired hundreds of billions of dollars worth of mortgage pass-through certificates,"

---

[3] Indeed, Luther would likely not have quoted the entirety of § 1332(d)(2) if it intended its holding to be limited to § 1332(d)(2)(A). See Luther, 533 F.3d at 1033 n.2.

Luther, 533 F.3d at 1032, would not have included a single putative class member satisfying (and implicating) § 1332(d)(2)(B). The same would be true for most Securities Act class actions.

Second, defendants' alienage jurisdiction-related policy arguments also do not move the needle. As an initial matter, those arguments do not override Luther. Moreover, Congress has already made clear that removal bars trump the policy considerations unique to alienage jurisdiction. Section 1332(a)(2) gives district courts original jurisdiction over actions "between citizens of a State and citizens or subjects of a foreign state." As this court has previously discussed at length, the general removal statute, § 1441(a), provides that subject to its except clause, a defendant may remove any civil action from state to federal court if the district court would have original jurisdiction over the action.[4] See generally Coffey v. Ripple Labs Inc., No. 18-CV-03286-PJH, ––– F. Supp. 3d –––, 2018 WL 3812076, at *2 (N.D. Cal. Aug. 10, 2018). Courts interpret "§ 1441(a)'s broad except clause as a reference to antiremoval provisions in other federal statutes," such as § 22(a) of the Securities Act. Id. at *8 (collecting cases). Accordingly, despite the alienage jurisdiction considerations defendants articulate, § 22(a) (as well as other antiremoval provisions) bars certain alienage actions from being removed under § 1441(a). Luther unambiguously held that in the case of pure Securities Act actions, § 22(a) also applies to and trumps § 1453(b). It makes no sense that § 22(a)'s removal bar overrides the alienage jurisdiction-related considerations in the context of § 1441(a), but does not do so vis-à-vis § 1453(b). It makes even less sense that Congress would intend that result without more explicitly saying so.[5]

---

[4] Section 1441(a) states "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[5] Defendants' argument premised on Radzanower v. Touche Ross & Co., 426 U.S. 148, 156, 96 S. Ct. 1989, 1994, 48 L. Ed. 2d 540 (1976), fails for a similar reason. In the context of § 1441(a), Congress had no difficulty with antiremoval provisions "unduly interfering" with alienage jurisdiction. And Luther has already determined that § 22(a)

Third, defendants reliance on this court's decision in Coffey is misplaced. In Coffey, plaintiff's state law claims satisfied the removal requirements of § 1453. See generally Coffey, 2018 WL 3812076, at *2. That allowed the entire action, including the Securities Act claims, to be removed. Id. at *7 n. 6. Luther was inapplicable to that case because Luther addressed only whether Securities Act claims that satisfied CAFA's jurisdictional requirements (in one manner or another) could be the basis for removal pursuant to § 1453. Id. at *4. Luther answered that question in the negative based on § 22(a) and that is the exact situation presented here.

Fourth, defendants argue that CAFA's plain language allows removal despite § 22(a), and that Luther was wrongly decided and should be limited or reconsidered. Regardless of what defendants think CAFA's plain language allows, Luther held that § 22(a) bars removal of pure Securities Act claims. And while defendants are free to argue to the Ninth Circuit that Luther was wrongly decided, those arguments fail to persuade this court.

For the foregoing reasons, the court GRANTS plaintiff's motion and REMANDS the action to San Mateo County Superior Court. The October 24, 2018 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: October 15, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

does not "unduly interfere" with § 1453(b).