PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

Attorneys for Defendants
Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVNER GREENWALD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RIPPLE LABS INC., et al.,<br><br>    Defendants. | CASE NO.: 4:18-cv-04790-PJH<br><br>**(1) EX PARTE MOTION TO SHORTEN TIME ON MOTION TO STAY AND TO STAY REMAND ORDER PENDING MOTION TO STAY;**<br><br>**(2) DECLARATION OF PETER B. MORRISON; and**<br><br>**(3) [PROPOSED] ORDER (lodged under separate cover).**<br><br>Courtroom:  3<br>Judge:     Hon. Phyllis J. Hamilton |

**STATEMENT OF RELIEF SOUGHT**

On October 15, 2018, this Court issued an order remanding this matter, which Defendants had removed pursuant to the Class Action Fairness Act ("CAFA"), to the San Mateo County Superior Court ("Remand Order"). (Dkt. No. 23.) On October 16, 2018, the clerk of the Court issued a notice remanding this matter to San Mateo County Superior Court ("Notice"). (Dkt. No. 24.) Pursuant to 28 U.S.C. § 1453(c)(1), Defendants have ten days after the entry of the Remand Order to apply to the United States Court of Appeals for the Ninth Circuit to appeal the Remand Order. Defendants intend to file such an application within the time specified. In the interim, Defendants are filing in conjunction herewith a motion seeking to stay this Court's Remand Order and certified mailing of the Notice pending appeal. To allow time for Defendants to seek such relief before the state court reacquires and exercises jurisdiction, Defendants seek, on an *ex parte* basis, (i) an order shortening time on Defendants' motion to stay the Remand Order and certified mailing of the Notice; and (ii) an immediate stay of the Remand Order and certified mailing of the Notice pending briefing and decision on Defendants' motion to stay.

Dated: October 17, 2018

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                              By:  */s/Peter B. Morrison*
                                          Peter B. Morrison
                                          Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rules 6-3 and 7-10 and Rule 6(c)(1)(A), (C) of the Federal Rules of Civil Procedure, Defendants Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita (collectively, "Defendants") respectfully submit this *ex parte* motion (i) to shorten time on Defendants' motion to stay this Court's October 15, 2018 order remanding this action ("Remand Order") (Dkt. No. 23) and the certified mailing of the October 16, 2018 Notice Remanding Case to San Mateo County Superior Court ("Notice") (Dkt. No. 24) and (ii) for an immediate stay of the Remand Order and certified mailing of the Notice pending briefing on Defendants' motion to stay.

*Ex parte* relief is necessary and proper. See Fed. R. Civ. P. 6(c)(1)(C) (a party may for good cause apply *ex parte* for a court order setting a different time for the service of a written motion). Because Defendants removed this action pursuant to the Class Action Fairness Act ("CAFA"), Defendants have 10 days after entry of the Remand Order to file an application with the United States Court of Appeals for the Ninth Circuit to appeal the Remand Order. See 28 U.S.C. § 1453(c)(1). This means Defendants' application, which they intend to file, is due by October 25, 2018. In the meantime, Defendants are requesting a stay of the Court's Remand Order pending appeal so that the state court does not assume and exercise jurisdiction while such appeal is pending. See Fed. R. App. P. 8(a)(1) (providing that a party "must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal"); see also Broadway Grill, Inc. v. Visa Inc., 2016 WL 6069234, at *2 (N.D. Cal. Oct. 17, 2016) (noting that "[b]ecause the remand order is appealable under CAFA, this court retains jurisdiction over the request to stay the case").

However, pursuant to Local Rule 7-2, Defendants are required to provide 35 days' notice for a motion to stay this Court's Remand Order and the certified mailing of the Notice pending Defendants' appeal. Thus, if the Court does not grant relief from the Remand Order and certified mailing of the Notice on an expedited basis, the San Mateo County Superior Court may attempt to exercise jurisdiction over this matter before Defendants even have the opportunity to have their motion to stay heard or to file their application to appeal with the Court of Appeals. See 28 U.S.C. § 1447(c)

(providing that state court may proceed with a case after the clerk of the court mails a certified copy of the remand order).

Absent immediate relief, the state court may exercise jurisdiction prematurely, and Defendants' ability to seek relief from this Court or from the Court of Appeals may become compromised or moot. To avoid such irreparable harm, Defendants request that the Court grant Defendants' *ex parte* application.  See Broadway Grill, 2016 WL 6069234, at *1 (noting that the court granted a temporary stay of its remand order until defendant's motion to stay could be briefed on an expedited schedule).

As set forth in the [Proposed] Order lodged in conjunction with this *ex parte* motion, Defendants are requesting that:

- Plaintiff file an opposition to Defendants' motion to stay by Friday, October 19, 2018; Defendants' file their reply by Monday, October 22, 2018; and that the Court vacate the hearing Defendants noticed in connection with their motion to stay and decide the matter on the papers.
- Defendants are also requesting an immediate stay of the Remand Order and certified mailing of the Notice pending briefing and decision on Defendants' motion to stay. Absent such a temporary stay, the state court could seek to assert jurisdiction before Defendants' motion to stay is even heard by this Court.

Should the Court be inclined to grant the temporary stay of its Remand Order as requested herein, Defendants would welcome a longer briefing schedule convenient for the Court and the parties. The currently requested briefing schedule is necessary given the risk that the state court may seek to assert jurisdiction before Defendants can be heard and potentially rendering the CAFA appeal moot.

Dated: October 17, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/Peter B. Morrison*
Peter B. Morrison
Attorneys for Defendants

**DECLARATION OF PETER B. MORRISON**

1.     I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for Defendants Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita (collectively "Defendants") in the above-captioned matter. I submit this declaration in support of Defendants' *Ex Parte* Motion to Shorten Time On Motion To Stay And To Stay Remand Order Pending Motion To Stay. This declaration is based on my own personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2.     Because Defendants removed this action pursuant to the Class Action Fairness Act ("CAFA"), Defendants have 10 days after entry of the Remand Order to file an application with the United States Court of Appeals for the Ninth Circuit to appeal the Remand Order. See 28 U.S.C. § 1453(c)(1). Defendants intend to file such an application by the deadline of October 25, 2018, and, in the meantime, seek to preserve this Court's jurisdiction by requesting a stay of the Court's Remand Order pending appeal.

3.     However, pursuant to Local Rule 7-2, Defendants are required to provide 35 days' notice for a motion to stay this Court's Remand Order and the certified mailing of the Notice pending Defendants' appeal. Thus, if the Court does not grant relief from the Remand Order and certified mailing of the Notice on an expedited basis, the San Mateo County Superior Court may attempt to exercise jurisdiction over this matter before Defendants even have the opportunity to have their motion to stay heard or to file their application to appeal with the Court of Appeals.

4.     Absent immediate relief, the Court may be deprived of jurisdiction prematurely, and Defendants' ability to seek relief from this Court or from the Court of Appeals may become moot. To avoid such irreparable harm, Defendants request that the Court grant Defendants' *ex parte* application.

5.     On October 16, 2018, I reached out to counsel for Plaintiff via email, inquiring whether Plaintiff would stipulate to a stay pending appeal or to a shortened briefing schedule on Defendants' motion to stay and an immediate stay pending decision on Defendants' motion to stay. Plaintiff's

1 counsel informed me that he would oppose the motion to stay but would consider stipulating to a shortened briefing schedule. Plaintiff's counsel requested that I send him a proposed schedule, and I sent him the proposed schedule set forth in Defendants' memorandum of points and authorities and [proposed] order.

6. On October 17, 2018, Plaintiff's counsel responded that he could not agree to the proposed schedule or a temporary stay pending a decision on Defendants' motion to stay. Plaintiff's counsel offered to discuss the requested relief again once the motions were filed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 17, 2018 in Los Angeles, California.

By: */s/ Peter B. Morrison*
Peter B. Morrison