PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Attorneys for Defendants
Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

AVNER GREENWALD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RIPPLE LABS INC., et al.,

Defendants.

CASE NO.: 4:18-cv-04790-PJH

**(1) NOTICE OF MOTION AND MOTION TO STAY REMAND ORDER PENDING APPEAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and**

**(2) [PROPOSED] ORDER (lodged under separate cover).**

Date: November 21, 2018
Time: 9:00 a.m.
Courtroom: 3
Judge: Hon. Phyllis J. Hamilton

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

NOTICE OF MOTION AND MOTION ........ 1

STATEMENT OF ISSUES TO BE DECIDED ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

- I. PRELIMINARY STATEMENT ........ 1
- II. THIS COURT SHOULD STAY ITS REMAND ORDER AND NOTICE OF REMAND ........ 4
  - A. This Court Has Jurisdiction to Stay the Remand Order Pending Appeal ........ 4
  - B. The Court Should Stay The Remand Order And Notice ........ 4
- III. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

## CASES

Broadway Grill, Inc. v. Visa Inc., No. 16-cv-04040-PJH, 2016 WL 6069234 (N.D. Cal. Oct. 17, 2016) .... 4

Citibank, N.A. v. Jackson, No. 3:16-CV-712-GCM, 2017 WL 4511348 (W.D. N.C. Oct. 10, 2017) .... 5, 6

Clements v. Airport Authority of Washoe County, 69 F.3d 321 (9th Cir. 1995) .... 6

Coffey v. Ripple Labs Inc., No. 18-cv-03286-PJH, 2018 WL 3812076 (N.D. Cal. Aug. 10, 2018) .... 3

Dalton v. Walgreen Co., No. 4:13 CV 603 RWS, 2013 WL 2367837 (E.D. Mo. May 29, 2013) .... 5, 6

Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547 (2014) .... 3

Jordan v. Nationstar Mortgage LLC, 781 F.3d 1178 (9th Cir. 2015) .... 3

Katz v. Gerardi, 552 F.3d 558 (7th Cir. 2009) .... 2, 5

Lair v. Bullock, 697 F.3d 1200 (9th Cir. 2012) .... 4, 5

Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008) .... 1, 2, 3, 5

Manier v. Medtech Products Inc., 29 F. Supp. 3d 1284 (S.D. Cal. 2014) .... 4

New Jersey Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4, 581 F. Supp. 2d 581 (S.D.N.Y. 2008) .... 2

Nken v. Holder, 556 U.S. 418 (2009) .... 4

Passarella v. Ginn Co., 637 F. Supp. 2d 353 (D.S.C. 2009) .... 3

Public Employees Retirement System of Mississippi v. Morgan Stanley, 605 F. Supp. 2d 1073 (C.D. Cal. 2009) .... 3, 5

In re Shell Oil Co., 631 F.2d 1156 (5th Cir. 1980) .... 4

## STATUTES

28 U.S.C. § 1441(a) .......... 5

28 U.S.C. § 1453 .......... 1, 3, 4, 6

## RULES

Federal Rule of Appellate Procedure 8(a)(1)(A) .......... 1, 4

## OTHER AUTHORITIES

2 McLaughlin on Class Actions § 12:6 (14th ed. 2017) .......... 3

Moore et al., 16 Moore's Federal Practice - Scope of Removal § 107.9[1][b] (2018) .......... 3

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on November 21, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis Hamilton, United States District Judge, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 3 the undersigned Defendants, Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita ("Defendants"), will and hereby do, move the Court for an order staying the Court's October 15, 2018 order remanding this action ("Remand Order") (Dkt. 23) and the notice of the clerk of the Court remanding this action to San Mateo County Superior Court (Dkt. 24) pending Defendants' application to appeal and appeal to the United States Court of Appeals for the Ninth Circuit.

Defendants' Motion is made pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), 28 U.S.C. § 1453(c), and this Court's inherent authority. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the files in this action, the arguments of counsel, and any such other matters as the Court may consider.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether this Court's Remand Order should be stayed pending Defendants' application to appeal and appeal of the Remand Order to the United States Court of Appeals for the Ninth Circuit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PRELIMINARY STATEMENT**

On August 8, 2018, Defendants timely removed this action asserting violations of the Securities Act of 1933 ("Securities Act") from the San Mateo County Superior Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, on the basis that this action, brought by an Israeli citizen on behalf of an international class of allegedly thousands of members, satisfied the alienage requirements of CAFA. (Dkt. 1 ¶¶ 4-9.) On September 7, 2018, Plaintiff moved to remand this action. (Dkt. 15.) In his motion to remand, Plaintiff did not dispute that each of the requirements for removal under CAFA was satisfied. Instead, he based his motion entirely on the decision of the United States Court of Appeals for the Ninth Circuit in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d

1031 (9th Cir. 2008), arguing that Luther concluded that Section 22(a) of the Securities Act ("Section 22(a)"), which bars removal of cases arising under the Securities Act, "trumps" CAFA's express grant of removal authority and forecloses removal of cases alleging violations of the Securities Act.

On October 15, 2018, this Court granted Plaintiff's motion to remand ("Remand Order"), and on October 16, 2018, the clerk of the Court issued a notice remanding this action to San Mateo County Superior Court ("Notice") (Dkt. 24).[1] In its Remand Order, the Court reasoned that Luther required remand. (Dkt. 23 at 3.) The Court rejected Defendants' argument that the presence of alienage jurisdiction rendered Luther distinguishable. (Id.) The Court further rejected Defendants' arguments that "Luther was wrongly decided and should be limited or reconsidered." (Id. at 5.) In so concluding, the Court noted that "defendants are free to argue to the Ninth Circuit that Luther was wrongly decided." (Id.)

Defendants wish to make just such arguments, and others, to the Ninth Circuit. Defendants intend to argue, as they did in their Opposition to Plaintiff's motion to remand, among other things, that Luther is distinguishable because, unlike the instant action, it did not consider the particular foreign policy concerns raised by international class actions based on alienage jurisdiction, much less those that raise issues of first impression involving the securities laws. (Dkt. 17 at 14-17.) No case has previously applied the removal bar in Section 22(a) to a case asserting removal based on alienage jurisdiction under CAFA. Indeed, no case has previously applied the Section 22(a) removal bar to a removal based on alienage jurisdiction under any removal statute. Given the novelty of this case, this case presents a substantial issue for appeal.

Moreover, Defendants intend to raise significant grounds to call into question Luther itself. Other than Luther, every court to consider the question of whether removal bars such as Section 22(a) prevent removal under CAFA has concluded that they do not. This includes the Seventh Circuit Court of Appeals in Katz v. Gerardi, 552 F.3d 558, 561-62 (7th Cir. 2009) (addressing Section 22(a)), creating a circuit split. (Dkt. 17 at 21.) This also includes the United States District Court for the Southern District of New York, in New Jersey Carpenters Vacation Fund v. HarborView Mortgage

[1] Concurrently with this Motion, Defendants have filed an *ex parte* motion to shorten time on this motion and to stay this Court's Remand Order and the Notice pending decision on this Motion.

Loan Trust 2006-4, 581 F. Supp. 2d 581 (S.D.N.Y. 2008) (addressing Section 22(a)), and the United States District Court for the District of South Carolina, in Passarella v. Ginn Co., 637 F. Supp. 2d 353 (D.S.C. 2009) (addressing removal bar in ILSA). (Dkt. 17 at 21-23.) Each case specifically rejected the reasoning of Luther. Even the author of the district court opinion affirmed by the Ninth Circuit in Luther, the Honorable Mariana Pfaelzer, observed in a later case, "Defendants appear to have nonfrivolous arguments for a change in law due to post-Luther developments." Pub. Emps. Ret. Sys. of Miss. v. Morgan Stanley, 605 F. Supp. 2d 1073, 1075 n.1 (C.D. Cal. 2009). (Dkt. 17 at 20.)

What is more, secondary authorities have questioned the validity of Luther, especially in light of the subsequent decision of the Supreme Court in Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547 (2014), which rejected, in the context of CAFA, the very presumption against removal on which the Luther decision was based. See, e.g., Moore et al., 16 Moore's Federal Practice - Scope of Removal § 107.91[1][b] (2018) (questioning the reasoning of Luther in light of Dart Cherokee); 2 McLaughlin on Class Actions § 12:6 (14th ed. 2017) (rejecting the reasoning of Luther). (Dkt. 17 at 20-21.) This Court itself has previously acknowledged that the Ninth Circuit has already "recognized that Dart Cherokee undermines Luther's reasoning on that point," Coffey v. Ripple Labs Inc., 2018 WL 3812076, at *7 (N.D. Cal. Aug. 10, 2018) (citing Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 n.2 (9th Cir. 2015)), and this Court has refused to extend Luther beyond its explicit application to removal of Securities Act claims, Coffey, 2018 WL 3812076, at *7. Thus, Luther is an opinion that stands alone and has been highly criticized.

Given all these considerations, Defendants believe there is a strong chance, not only that the Ninth Circuit will agree to hear Defendants' application for an appeal, but that Luther will be revisited and overturned, or that, given the clear circuit split, this action could present a case appropriate for review by the United States Supreme Court. Because this action unquestionably meets CAFA's requirements and, as an international class action that presents "issues of first impression regarding the federal securities laws applicability to a nascent technology," Coffey, 2018 WL 3812076, at *7, it falls squarely within the purposes CAFA is meant to serve, this case is ideally suited for just such appellate review.

Pursuant to 28 U.S.C. § 1453(c), Defendants may apply to the Ninth Circuit to appeal this

Court's Remand Order, "if application is made to the court of appeals not more than 10 days after entry of the order." Defendants' deadline to file such an application is October 25, 2018, and Defendants intend to file an application to appeal by that date. In the meantime, Defendants should not be forced to litigate this action in state court, only to have that time and energy wasted should the Ninth Circuit grant Defendants' relief. This is especially so given that, under the terms of CAFA itself, Defendants' appeal must be resolved within 60 days, eliminating any prejudice to Plaintiff from delay. See 28 U.S.C. § 1453(c)(2). Thus, Defendants request, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) and this Court's inherent authority, that the Court stay its Remand Order.

## II. THIS COURT SHOULD STAY ITS REMAND ORDER AND NOTICE OF REMAND

### A. This Court Has Jurisdiction to Stay the Remand Order Pending Appeal

This Court has jurisdiction to stay the Remand Order and the Notice pending Defendants' application to appeal to the Ninth Circuit. Where a remand order is appealable, the "district court has jurisdiction to review its own order" and may "vacate or reinstate that order" even after a certified copy of the order has been sent to state court. In re Shell Oil Co., 631 F.2d 1156, 1158 (5th Cir. 1980). In that circumstance, it is also appropriate "for the Court to address a motion to stay pending appeal of a remand order." Manier v. Medtech Prods., Inc., 29 F. Supp. 3d 1284, 1287 (S.D. Cal. 2014) (considering motion to stay remand order pending appeal under CAFA); see also Broadway Grill, Inc. v. Visa Inc., 2016 WL 6069234, at *2 (N.D. Cal. Oct. 17, 2016) ("Because the remand order is appealable under CAFA, this court retains jurisdiction over the request to stay the case"). The Court can stay the Remand Order because it is appealable under 28 U.S.C. § 1453(c)(1).

### B. The Court Should Stay The Remand Order And Notice

Under Federal Rule of Appellate Procedure 8(a)(1)(A), a party may ask a district court to stay an order pending appeal. In determining whether to grant a stay, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties. . . ; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting Nken for same factors). "The first two Nken factors 'are the most

critical.'" Lair, 697 F.3d at 1204 (quoting Nken, 556 at 434). Here, all four factors favor a stay.

***Likelihood of Success On The Merits.*** The first factor requires "that there is a substantial case for relief on the merits. The standard does not require the petitioners to show that it is more likely than not that they will win on the merits." Lair, 697 F.3d at 1204 (citations and internal quotations omitted). Here, among other things, as shown in Defendants' opposition to Plaintiff's motion to remand, Defendants have substantial arguments on appeal. (Dkt. 17 at 7-23.) The applicability of the Section 22(a) removal bar to alienage jurisdiction under CAFA raises an issue of first impression. (Dkt. 17 at 7-8.) Moreover, Defendants have raised substantial arguments in favor of reconsideration of the Luther decision, and Defendants' appeal will provide an opportunity for the Ninth Circuit to reverse a circuit split that has developed between the Ninth and Seventh Circuits. (Dkt. 17 at 14-23.)

As shown persuasively in the decision of the Seventh Circuit in Katz v. Gerardi, 552 F.3d 558, 561-62 (7th Cir. 2009), the Luther decision rested on the faulty premise that Section 22(a) is more "specific" than the removal provision under CAFA rather than an analysis of the plain language of the statutes. (Dkt. 17 at 21.) Further, even though CAFA includes express exceptions to its removal authority and does *not* include the language, "[e]xcept as otherwise expressly provided by Act of Congress," found in the general removal statute, 28 U.S.C. § 1441(a), the Court in Luther read an additional exception into CAFA for cases subject to the removal bar in Section 22(a). (Dkt. 17 at 17-23.) Such considerations caused the author of the district court opinion affirmed by the Ninth Circuit in Luther, the Honorable Mariana Pfaelzer, to observe in a later case, "Defendants appear to have nonfrivolous arguments for a change in law due to post-Luther developments." Pub. Emps. Ret. Sys. of Miss., 605 F. Supp. 2d at 1075 n.1. (Dkt. 17 at 20.) Such arguments, as well as the other arguments advanced in Defendants' opposition to Plaintiff's motion to remand, set forth a substantial case on appeal that justify a stay of the Remand Order.

***Irreparable Injury Absent A Stay.*** Defendants will suffer irreparable injury if the Court does not grant a stay. "Where the pending appeal addresses remand of a case, 'a stay [may be] appropriate to prevent rendering the statutory right of appeal 'hollow.'" Citibank, N.A. v. Jackson, 2017 WL 4511348, at *2 (W.D. N.C. Oct. 10, 2017) (granting stay of remand order pending appeal under CAFA) (alteration in original) (citation omitted); see also Dalton v. Walgreen Co., 2013 WL 2367837,

at *1 (E.D. Mo. May 29, 2013) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one." (citation omitted)). Here, if the Court does not grant a stay of its Remand Order, this action will be remanded, and the state court will attempt to reacquire and exercise jurisdiction over this action. In that case, Defendants will have to proceed with this case in state court while simultaneously pursuing an appeal in the Ninth Circuit. Any actions taken with respect to this action in state court, such as attempts to consolidate the action with the state court actions currently pending or motions filed in response to the complaint, will be a waste of time and resources should the Ninth Circuit grant Defendants relief. See Dalton, 2013 WL 2367837, at *2 (granting stay and noting likelihood that the defendant "will be irreparably harmed by the burden of having to simultaneously litigate these cases in state court and on appeal to the Eighth Circuit, as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending").

***Injury To Other Parties***. Plaintiff will suffer no injury if this Court's Remand Order is stayed because the Ninth Circuit will resolve Defendants' appeal in an expedited manner. Pursuant to 28 U.S.C. § 1453(c)(2), if the Ninth Circuit grants permission to appeal, it must render judgment within 60 days of the appeal. Congress included a shortened timeline for appeal in CAFA precisely so that the parties would not be prejudiced by any delay associated with the appeal. See Citibank, 2017 WL 4511348, at *3 (concluding that expedited appeals process "all but eliminates" any harm to plaintiff from delay associated with stay pending appeal).

***Public Interest***. The public interest lies with granting a stay. The Ninth Circuit has recognized that the public has an interest in "avoiding inconsistent results and preserving judicial economy." Clements v. Airport Auth. of Washoe Cty., 69 F.3d 321, 330 (9th Cir. 1995) (discussion in the context of issue preclusion). A stay would prevent the state court case from proceeding while the Ninth Circuit determines the issue on appeal. This would preserve judicial economy because the parties would avoid potentially unnecessary litigation in state court while the Ninth Circuit determines whether to vacate the Remand Order. See Citibank, 2017 WL 4511348, at *3 (granting stay pending CAFA appeal because "[t]he public has a strong interest in conserving judicial resources by reducing duplicative litigation in state and federal court").

## III. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court stay its Remand Order and the Notice pending Defendants application for an appeal and appeal to the Ninth Circuit.

Dated: October 17, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *_/s/Peter B. Morrison_*
Peter B. Morrison
Attorneys for Defendants